Filed 10/2/20  P. v. Fenn CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN FENN,<br><br>     Defendant and Appellant. | H047014<br>(Santa Clara County<br>Super. Ct. No. 18-CR-04786 ) |

Appellant Justin Fenn was convicted by jury trial of unauthorized use of personal identifying information with a prior conviction.  The trial court suspended imposition of sentence, granted probation, imposed a one-year term in county jail (which was deemed served), and directed placement into a residential treatment program.  The court also suspended imposition of any fines and fees.

Appointed counsel filed an opening brief which states the case and the facts but raises no issues.  Fenn was notified of his right to submit written argument on his own behalf within 30 days.  The deadline has passed and we received no response.

We have reviewed the entire record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude there is no arguable issue on appeal, and we affirm the judgment.

# I. BACKGROUND

## A. *Factual Background*

In 2018, a Santa Cruz County Sheriff's deputy encountered Fenn at a 7-Eleven and searched him. It was stipulated that the deputy lawfully contacted and searched Fenn. The deputy found five completed checks and two identification cards in his sock, none of which belonged to Fenn. One of the checks had water stains and appeared to have been "washed," meaning that someone had attempted to remove some of the ink. There was no evidence that Fenn had attempted to cash any of the checks. The identification cards belonged to real persons. Fenn had a prior conviction for the same crime alleged in this case. In that case, Fenn had been found with three California driver's licenses and a Social Security card, none of which belonged to him.

## B. *Procedural Background*

The prosecution charged Fenn with a single count of unauthorized use of personal identifying information with a prior conviction (Pen. Code, § 530.5, subd. (c)(2)). It was alleged that Fenn had a prior strike conviction (Pen. Code, § 667, subd. (b)), that he was ineligible to be sentenced to county jail based on the prior strike (Pen. Code, § 1170, subds. (h)(3), (f)), and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)). Fenn was convicted and sentenced as described above. At sentencing, the trial court struck the allegation of a prior strike conviction and prior prison term.

# II. DISCUSSION

We have reviewed the record under *Wende*, *supra*, 25 Cal.3d at p. 436 and *Kelly*, *supra*, 40 Cal.4th at p. 106, and find that there is no arguable issue on appeal.

# III. DISPOSITION

The judgment is affirmed.

_____
Greenwood, P.J.

WE CONCUR:


_____
Grover, J.


_____
 Danner, J.


People v. Fenn
No. H047014